# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOHN R. GARNER, SR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:21CV00161 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **BLUE RIDGE REGIONAL JAIL** ) | JUDGE JAMES P. JONES |
| **AUTHORITY-AMHERST, ET AL.,** ) | |
| Defendants. ) | |
| ) | |

*John R. Garner, Sr., Pro Se Plaintiff; Emily K. Stubblefield,* GUYNN, WADDELL, CARROLL & LOCKABY, P.C., *Salem, Virginia, for Defendants.*

The plaintiff, John R. Garner, Sr., a Virginia inmate proceeding pro se, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendants responded with a Motion for Summary Judgment. The court notified Garner of the defendants' motion on July 30, 2021, granting him 21 days to respond. The court's notice warned Garner that failure to respond to the defendants' argument and evidence within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP,

2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")), *report and recommendation adopted*, No. 3:11CV678-REP, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012). When considering dismissal for failure to prosecute, the court must evaluate "four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne ex rel. Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

After receiving the court's Notice, Garner moved for and was granted an extension of time to respond to the defendants' motion — until September 15, 2021. That response deadline has now long passed. During that time, Garner has not filed any responsive pleading addressing the defendants' arguments or evidence, nor has he filed a motion requesting additional time to do so. I conclude that while Garner

may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants.  Therefore, I find that dismissal without prejudice is the appropriate sanction.

A separate final order will be entered herewith.

DATED:   October 15, 2021

/s/  James P. Jones
Senior United States District Judge